**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

TYLON CALVIN KING                                                                                                PLAINTIFF

V.                                              NO: 3:15CV00213 PSH

ROB ROUNDSVILLE *et al*                                                                                  DEFENDANTS

**ORDER**

Plaintiff Tylon Calvin King filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 28, 2015. King asserts he was placed in solitary confinement at the Mississippi County Detention Center on April 6, 2015, for no reason.[1] According to King, he was denied visitation for two months and denied commissary for one month. King further claims the toilet in his cell leaked, and his food was cold because he was the last one served. King also contends his health issues were not checked, and he could not get proper health care because he could not afford the fees Mississippi County required.

On May 4, 2016, defendants Dale Cook, Clayburn Hicks, Rob Roundsville, and Luther Whitfield, filed a motion for partial summary judgment, a brief in support, and a statement of facts, arguing King failed to exhaust his administrative remedies as to certain claims he raised in his complaint (Doc. Nos. 24-26). King filed a response on May 19, 2016 (Doc. No. 27), and defendants filed a reply on May 24, 2016 (Doc. No. 28). King filed another response on June 7, 2016 (Doc. No. 29).

Defendants filed a second motion for summary judgment, along with a brief in support and

---

[1] At the time, King was a pretrial detainee.

a statement of facts (Doc. No. 32-34), on July 29, 2016. King filed an affidavit in response on August 17, 2016 (Doc. No. 38).

## I.  Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## II.  Analysis

**Exhaustion.** The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the

PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. "The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*. at 923-924.

Inmates at the Mississippi County Detention Facility have access to a grievance procedure (Doc. No. 26-2). Defendants assert King failed to exhaust his claims regarding his leaking toilet, cold food, and medical care. In support of their motion that King failed to exhaust the claims, defendants have provided Whitfield's affidavit asserting King never filed a grievance about the toilet, food, or medical care (Doc. No. 26-1). Defendants have also provided copies of all grievances King filed (Doc. No. 28-2). As Whitfield notes, King did not file any grievances about the toilet, food, or medical care.[2] King has provided nothing in either of his responses (Doc. Nos. 24 & 29) to contradict Whitfield's statement. Although King asserts he filed grievances defendants did not provide, he has failed to produce copies of any such grievances. Now is the time to present evidence, and King cannot rely on mere statements to defeat the defendants' motion. "To survive a motion for summary judgment, the nonmoving party must substantiate its allegations with sufficient probative evidence [that] would permit a finding in [its] favor based on more than mere

---

[2]King denies making a denial of medical care claim (Doc. No. 38, page 2).

speculation, conjecture, or fantasy." *Barber v. C1 Truck Driver Training, LLC*, 656 F3d 782, 801 (8th Cir. 2011) (internal citations omitted). *See also Aunforo v. Comm'r*, 614 F.3d 799, 807 (8th Cir. 2010) (self serving allegations and denials insufficient to create a genuine issue of material fact). King's claims about the toilet, food, and medical care must therefore be dismissed without prejudice.

**Merits.**  In their second motion for summary judgment, defendants argue they are entitled to summary judgment because King cannot establish a constitutional violation. The state has no right to punish pre-trial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pre-trial detainee's confinement conditions are analyzed under the due process clause of the Fifth and Fourteenth Amendments rather than the Eighth Amendment's "cruel and unusual punishment" standard which is used for convicted prisoners. Any injury suffered by a detainee must be necessarily incident to administrative interests in safety, security, and efficiency. Practices that are punitive in intent, those that are not rationally related to a legitimate purpose, or those that are rationally related but are excessive in light of their purpose, are unconstitutional. The length of a detainee's confinement is a factor to consider in assessing an institution's practices. *Johnson-El v. Schoemehl*, 878 F. 2d 1043, 1048 (8th Cir. 1989) (internal citations omitted).

King was booked into the Mississippi County Detention Center on February 3, 2015 as a pre-trial detainee, and he remained there until February 26, 2016. Evidence defendants provided indicates King was moved from the general population to segregation in late March of 2015 because he was being investigated for using the detention center's telephone system in an effort to solicit the murder of one Blytheville resident, and to bribe another. The move came after the local prosecuting attorney suggested the detention center limit King's phone access in an effort to protect the individual King sought to harm. Because detainees in general population have continuous access

to the detention center's phone system, King was moved to segregation where his access to the phone and to other inmates was limited. King was placed into segregation in late March of 2015, and remained there until he transferred to the Arkansas Department of Correction in February of 2016 (Doc. No. 34-4). In March of 2016, King pled guilty to conspiracy to commit murder, which was committed while using the detention center inmate phone system before he was placed in segregation (Doc. No. 34-5).

The facts presented to the Court establish that the restrictions imposed upon King were incident to administrative interests in safety and security, and were rationally related to a legitimate purpose, that being the protection of the individual whom King sought to have killed. Although it appears that King did not receive visitation or commissary privileges when he was initially placed into segregation, affidavits from Roundsville and Whitfield indicate that was a temporary oversight that was corrected when King brought it to their attention (Doc. Nos. 34-4 & 34-6). In light of the minimal period of time King lost visitation and commissary privileges, and the reason for which he was placed into segregation, King cannot establish any punitive intent. King therefore cannot establish a constitutional violation, and defendants are entitled to summary judgment.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. Defendants' motions for summary judgment (Doc. Nos. 24 & 32) are GRANTED, and King's complaint is DISMISSED.

2. King's complaint is DISMISSED WITHOUT PREJUDICE with respect to his claims regarding his cell toilet, food, and medical care.

3. King's complaint is DISMISSED WITH PREJUDICE in all other respects.

      4.      The Court certifies that an *in forma pauperis* appeal from the order and judgment dismissing this case would not be taken in good faith.

      DATED this 7th day of September, 2016.

      _____
      UNITED STATES MAGISTRATE JUDGE